# IN THE UNITED STATES COURT OF APPEALS
# FOR THE FIFTH CIRCUIT

No. 19-50543
Summary Calendar

United States Court of Appeals
Fifth Circuit

**FILED**

December 23, 2019

Lyle W. Cayce
Clerk

UNITED STATES OF AMERICA,

Plaintiff−Appellee,

versus

CIRILO HORTA-ALMARAZ, also known as Cirilio Horta,
also known as Cirilo Horta Almarez, also known as Jose Antonio Castro,
also known as Cirilo HortaAlmarez, also known as Jose Villalon-Castro,
also known as Jose Antonio Villalon-Castro,
also known as Jose Antonio Villaloncastro,

Defendant−Appellant.

Appeal from the United States District Court
for the Western District of Texas
No. 5:19-CR-79-1

Before DAVIS, SMITH, and HIGGINSON, Circuit Judges.

PER CURIAM:[*]

Cirilo Horta-Almaraz appeals his conviction of illegal reentry into the

---

[*] Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-50543

United States after removal.  He contends that the indictment was invalid because the notice to appear in his removal proceedings was defective for failing to specify a time and date for his removal hearing and that the removal order was thus void.  Although Horta-Almaraz concedes that the issue is foreclosed by *United States v. Pedroza-Rocha*, 933 F.3d 490, 496−98 (5th Cir. 2019), *petition for cert. filed* (U.S. Nov. 6, 2019) (No. 19-6588), and *Pierre-Paul v. Barr*, 930 F.3d 684, 689−93 (5th Cir. 2019), he wishes to preserve it for further review.  The government has filed an unopposed motion for summary affirmance, agreeing that the issue is foreclosed under *Pedroza-Rocha* and *Pierre-Paul*.

In *Pedroza-Rocha*, 933 F.3d at 496−98, this court applied *Pierre-Paul* to conclude that the notice to appear was not rendered deficient because it did not specify a date or time for the hearing, that any such alleged deficiency had not deprived the immigration court of jurisdiction, and that the defendant could not collaterally attack his notice to appear without first exhausting administrative remedies.  As he concedes, Horta-Almaraz's arguments are foreclosed by those two cases.  Because the government's position "is clearly right as a matter of law so that there can be no substantial question as to the outcome of the case," *Groendyke Transp., Inc. v. Davis*, 406 F.2d 1158, 1162 (5th Cir. 1969), the motion for summary affirmance is GRANTED, the government's alternative motion for an extension of time to file a brief is DENIED, and the judgment is AFFIRMED.